CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

9/30/2024

LAURA A. AUSTIN, CLERK
BY:  s/ CARMEN AMOS
      DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

AMERICAN ALTERNATIVE
INSURANCE CORPORATION,

*Plaintiff*,

v.

LEGACY INTERNATIONAL, *et al*.,

*Defendants.*

CASE NO. 6:22-cv-00059

<u>MEMORANDUM OPINION</u>

JUDGE NORMAN K. MOON

American Alternative Insurance Corporation ("AAIC") seeks a declaration that it owes no duty to defend or indemnify its insureds, Legacy International and World Community ("the Charities"), in an underlying state tort case pending in Bedford County Circuit Court.

The Court assumes the parties' familiarity with the facts and procedural posture which were set forth in detail in the Court's December 6, 2023 Memorandum Opinion. Dkt. 39. No real dispute exists between the parties regarding the relevant facts or background. The parties have therefore filed cross motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) on a single issue: whether under the "eight corners rule," AAIC has a duty to defend the Charities in the underlying state court tort case. The Court determines that because the underlying complaint sufficiently alleges counts for negligent supervision and retention, AAIC has a duty to defend the Charities.

### **<u>Standard of Review</u>**

A party may move for judgment on the pleadings after the pleadings are closed, but early enough so as not to delay trial. Fed. R. Civ. P. 12(c). "A Rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in dispute between the

parties and a judgment on the merits can be achieved by focusing on the content of the competing pleadings, exhibits thereto, matters incorporated by reference in the pleadings, whatever is central or integral to the claim for relief or defense, and any facts of which the district court will take judicial notice." Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1006 (3d ed. 1998); see Jones v. Penn Nat. Ins. Co., 835 F. Supp. 2d 89, 93 (W.D.N.C. 2011) (citing A.S. Abell Co. v. Baltimore Typographical Union No. 12, 338 F.2d 190, 193 (4th Cir.1964)). The standard for Rule 12(c) motions is the same as for motions made pursuant to Rule 12(b)(6). Burbach Broadcasting Co. of Delaware v. Elkins Radio Corp., 278 F.3d 401, 405–06 (4th Cir. 2002). As with a motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6), the Court in evaluating a Rule 12(c) motion "does not resolve contests surrounding the facts . . . or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Hebert Abstract Co. v. Touchstone Properties, Ltd., 914 F.2d 74, 76 (5th Cir. 1990).

## Analysis

Virginia law governs this diversity suit, and in determining whether a duty to defend exists, Virginia courts apply the "eight corners rule" by comparing the "four corners" of the underlying complaint to the "four corners" of the policy. AES Corp. v. Steadfast Ins. Co., 283 Va. 609, 725 S.E.2d 532, 535 (Va. 2012); CACI Intern., Inc. v. St. Paul Fire and Marine Ins. Co., 566 F.3d 150, 155 (4th Cir. 2009). In examining the four corners of the underlying complaint, the Court need only decide whether the allegations, if proved, would bring the factual scenario within the scope of coverage or an exclusion. Penn-Am. Ins. Co. v. Coffey, 368 F.3d 409, 413 (4th Cir. 2004). Virginia courts interpret insurance policies in accordance with the intention of the parties, giving clear and unambiguous language its plain and ordinary meaning. Fed. Hill

Homeowners Ass'n, Inc. v. Cmty. Ass'n Underwriters of Am., 384 F. App'x 209, 212 (4th Cir. 2010). If an ambiguity exists, the court construes it against the insurer and liberally in favor of the insured. Id. An insurer's duty to defend is broader than its obligation to pay and arises whenever the underlying complaint alleges facts and circumstances, some of which would, if proved, fall within the risk covered by the policy. Virginia Elec. & Power Co. v. Northbrook Prop. & Cas. Ins. Co., 252 Va. 265, 268, 475 S.E.2d 264, 265 (1996).

AAIC argues that M.B.'s "bodily injury" was not caused by an "occurrence" under the terms of the policy, focusing on Rash's intentional abuse of M.B. Dkt 43 at 10. AAIC states the law clearly: "[a]n intentional act is neither an 'occurrence' nor an 'accident' and . . . is not covered by the standard [CGL] policy." Id. (quoting AES Corp., 725 S.E.2d at 536). Counts IV (Vicarious Liability) and IX (Vicarious Liability Under New York Law) of the underlying complaint are based on the Charities' vicarious liability for Rash's intentional acts. As such, these allegations fall outside of the definition of an occurrence and are not covered by the policy.

However, the allegations in Counts II, III, V, VII and VIII sound in negligence. In those counts, M.B. claims that the Charities were negligent in caring for, supervising and protecting her (Counts II, III and VIII) and in retaining Rash (Counts V and VII). Dkt. 1-1. The Fourth Circuit has distinguished allegations of a principal's vicarious liability for its agent's intentional torts as M.B. has alleged in Counts IV and IX, which do not constitute an "occurrence," from assertions that the principal was liable for the agent's intentional act due to its negligent failure to supervise. Liberty Univ., Inc. v. Citizens Ins. Co. of Am., 792 F.3d 520, 530 (4th Cir. 2015) (discussing IFCO Syst. of N. Amer. Inc. v. Am. Home Assurance Co., 502 F. App'x 342 (4th Cir. 2013) (unpublished)). In Liberty Univ., the Court cited several illustrative cases: Pac. Ins. Co. v. Catholic Bishop of Spokane, 450 F. Supp. 2d 1186, 1202 (E.D. Wash. 2006) (rejecting insurer's

argument that the alleged sexual abuse was not a covered "accident" because insurer "disregard[ed] the fact that the claims against the diocese [were] based upon alleged negligent hiring, supervision, and retention, not an intentional wrong of direct sexual abuse"); King v. Dallas Fire Ins. Co., 85 S.W.3d 185, 188-92 (Tx. 2002) (finding duty to defend because insured was sued for intentional torts under a theory of respondeat superior and for negligence and because the "employer's alleged negligent hiring, training, and supervision constitute[d] an 'occurrence' under the terms of the insurance policy although the injury was directly caused by the employee's intentional conduct'"); Unigard Mut. Ins. Co. v. Spokane Sch. Dist. No. 81, 20 Wn. App. 261, 579 P.2d 1015, 1018 (Wash. Ct. App. 1978) (separating claims against a child for his intentional act of burning a school, which precluded the duty to defend, from claims against the child's parents for negligent supervision, which was not an excluded intentional act). Liberty Univ., Inc. v. Citizens Ins. Co. of Am., 792 F.3d 5 at 531. [1]

The facts contained in the underlying complaint are almost identical to those in Scottsdale Ins. Co. v. Doe, 2014 U.S. Dist. LEXIS 153998 (W.D. Va. 2014). In Scottsdale, Scottsdale Insurance Company asked the court to determine that it had no duty to defend or indemnify its insured in a lawsuit brought by a minor and her parents alleging that the insured's employee engaged in battery by sexually molesting the minor at a summer camp. The underlying

---

[1] AAIC correctly contends that the mere use of the term negligent in reference to intentional acts does not convert such conduct into an occurrence. However, the cases AAIC cites in support of this argument are distinguishable. In Markel Am. Ins. v. Staples, the Court found that the underlying complaint contained only conclusory allegations of negligence. Markel Am. Ins. Co. v. Staples, 2010 U.S. Dist. LEXIS 7148, *12 (E.D. Va. 2010). Conversely, here, M.B. has successfully argued in the alternative that the Charities knew or should have known of Rash's sexual proclivities. See Dkt. 1-1 at e.g. ¶¶ 34-37, 48, 51, 65, 70, 87- 90, 100-103, 107, 110-111. In Builders Mut. Ins. co. v. J.L. Albrittain, Inc., the underlying complaint did not contain any counts sounding in negligence. Builders Mut. Ins. co. v. J.L. Albrittain, Inc., 2020 U.S. Dist. LEXIS 81211. Rather, three paragraphs out of approximately 360 in total contained unsupported allegations of negligence. The underlying complaint in State Farm Fire Cas. Co. v. Kessel, did not contain a negligent supervision count. Rather, plaintiff alleged negligent infliction of emotional distress which was premised entirely on the defendants' intentional acts. State Farm Fire Cas. Co. v. Kessel, 2018 Dist. LEXIS 231656 at *16 (E.D. Va. 2018).

complaint contained a count alleging that the insured negligently retained the employee. The Court concluded that although no coverage existed for the intentional torts alleged in the complaint, coverage existed for the negligence counts and therefore Scottsdale had a duty to defend its insured in the underlying action.

The Court noted that it "is required to treat each fact and instance of unlawful conduct detailed in the underlying complaint as having the potential to qualify as an "occurrence." Id. at *14 (citing Va. Elec. & Power, 252 Va. At 268, 475 S.E.2d at 265). As in Scottsdale, here, AAIC asks the court to "conflate the intentional conduct alleged…with the negligent conduct alleged…" and in doing so, AAIC "misses the point" of the negligence counts of the complaint. Id. In those counts, M.B. does not assert that the Charities intentionally did anything to harm her but that they acted negligently in supervising her and retaining Rash. Such conduct has the potential to qualify as an "occurrence" under the terms of the policy.

The Supreme Court of Virginia has held similarly. In S.F. (Jane Doe) v. West American Insurance Co., 250 Va. 461, 463 S.E.2d 450 (1995), the underlying complaint contained a claim for negligent retention, alleging that an apartment building manager molested minor residents and that the owner knew or should have known that the manager had a history of criminal behavior. The Supreme Court of Virginia found that the term "occurrence" could be the insureds' negligent hiring, supervision or retention of the manager and that therefore the insurance contract required West American to pay on behalf of its insureds. West American, 250 Va. at 465, 463 S.E.2d at 452. Given this Fourth Circuit and Virginia case law, the Court must conclude that the negligent supervision and retention described in M.B.'s complaint constitute

"occurrences" under the AAIC policy and that AAIC has a duty to defend the Charities against them.[2]

__Conclusion__

AAIC's motion for judgment on the pleadings will be denied, and the Charities' cross motion for judgment on the pleadings will be granted in an accompanying order.

The Clerk of Court is directed to send this opinion to all counsel of record.

ENTERED this   30th   day of September 2024.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] For the same reasons, the Court rejects AAIC's argument that the expected or intended injury exclusion applies. Although intentional acts are routinely considered to be either expected or intended, the same cannot be said of negligent acts. See Liberty Mut. Fire Ins. Co. v. Bizzack Constr., LLC, 259 F. Supp. 3d 451, 463 (W.D. Va. 2017).